## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PHYLLIS L. MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-25-181-G** |
| | ) |
| **STATE FARM FIRE AND** | ) |
| **CASUALTY COMPANY et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

Now before the Court is Plaintiff Phyllis L. Moore's Motion to Remand (Doc. No. 11). Defendant State Farm Fire and Casualty Company ("State Farm") has responded (Doc. No. 12), Plaintiff has replied (Doc. No. 14), and State Farm with leave of Court has filed a sur-reply (Doc. No. 20). Additionally, the parties have filed notices of supplemental authority pursuant to Local Civil Rule 7.1(*l*). *See* Notices of Suppl. Auth. (Doc. Nos. 13, 15, 16, 18, 21, 22, 23, 25).

### I.    *Background*

Plaintiff initially filed this action in the District Court of Oklahoma County, Oklahoma, on December 20, 2024. *See* Pet. (Doc. No. 1-2). Plaintiff challenges State Farm's denial of an insurance claim submitted for wind and hail damage to the roof of Plaintiff's dwelling following a July 2023 storm. *See id.* ¶¶ 40, 50.

In June 2000, Roy Putnam and his former wife purchased a homeowner's policy through State Farm agent Wes Fugett. *See* Appl. (Doc. No. 1-11); Def.'s Resp. Ex. 1, Moore Decl. (Doc. No. 12-1) ¶ 4. Plaintiff later married Mr. Putnam and was added as a

named insured on the policy in 2015.  *See* Moore Decl. ¶ 4.  The policy was transferred to insurance agent Defendant James E. ("Jim") Moore following Mr. Fugett's death in 2010. *Id*. ¶ 3.

Plaintiff's claims are premised on an alleged "scheme" pursuant to which State Farm and its captive insurance agents purportedly underpay and deny wind and hail damage claims.  *See* Pet. ¶¶ 1-4.  According to Plaintiff, the scheme begins when an agent sells a replacement cost home insurance policy to the insured.  *See id*. ¶ 4(a).  In doing so the agent "expressly and/or impliedly represents" that: the property meets State Farm's underwriting guidelines and is eligible for the coverage sought; the replacement cost value calculated by the agent is accurate; and the policy provides coverage for wind and hail damage.  *Id*. ¶¶ 4, 19, 25, 36.  State Farm then issues the policy.  *Id*. ¶ 4(c).

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, State Farm denies the claim based on a variety of bad faith claims handling tactics.  *Id*. ¶ 4 (d), (e).  State Farm agents allegedly know of this scheme and fail to disclose it to customers, despite having a legal duty to do so.  *Id*. ¶ 4(b).

Plaintiff brings claims of breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation against Defendant State Farm.  *See id*. ¶¶ 45-59, 67-79.  Plaintiff also asserts claims against Defendant Moore for negligent procurement of insurance and for constructive fraud/negligent misrepresentation. *See id*. ¶¶ 60-79.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder.  *See* Notice of Removal (Doc. No. 1) at 1-3.  Plaintiff

then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## II.    Relevant Standards

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."  *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 28.  It is further undisputed that Plaintiff and Defendant Moore are both citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes.  *See id.* ¶¶ 5-7.  Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiff seeks remand of this case to state court.  *See*

Pl.'s Mot. to Remand at 9-12; 28 U.S.C. § 1447(c).  State Farm asserts that the Court has jurisdiction over this action because Plaintiff fraudulently joined Defendant Moore, a non-diverse defendant, in an effort to defeat removal.  *See* Notice of Removal at 1-4, 23; Def.'s Resp. at 10-31.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).  "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.* (alteration and internal quotation marks omitted).  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."  *Id.* (internal quotation marks omitted).

III.    *Discussion*

A.  *Plaintiff's Inability to Establish a Claim Against Defendant Moore*

Defendant primarily argues that fraudulent joinder is shown by Plaintiff's inability to establish a cause of action against non-diverse Defendant Moore.[1]  In evaluating State Farm's assertion of fraudulent joinder, the Court must "determine whether [Plaintiff] has

---

[1] Defendant additionally asserts fraud in the pleading of jurisdictional facts, comparing the allegations in this case and others filed by Plaintiff's counsel.  *See* Def.'s Resp. at 27-31.  Defendant has not shown that any factual allegation is "so egregiously false that it constitutes actual fraud."  *Varner v. State Farm Fire & Cas. Co.*, No. CIV-25-892-J, 2025 WL 3227779, at *2 (W.D. Okla. Oct. 29, 2025).

any possibility of recovery against" Defendant Moore. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at \*1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at \*2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiff asserts two causes of action against Defendant Moore: (1) negligent procurement of insurance; and (2) constructive fraud/negligent misrepresentation. *See* Pet. ¶¶ 60-79. Each cause of action is addressed in turn below.

### 1. *Negligent Procurement of Insurance*

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally."

*Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted).  An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269.

"[T]he scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" "is not expanded by general requests for 'full coverage' or 'adequate protection.'"  *Rotan*, 83 P.3d at 895.  Thus, "[t]o discharge their duty . . ., insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds.'"  *Id*. (emphasis omitted).

Plaintiff's allegations rest on Defendant Moore's renewal of the policy rather than its initial procurement, as Plaintiff was added as a named insured years after the policy was originally procured.  *See* Moore Decl. ¶ 4; Pl.'s Mot. to Remand at 17-18.  The record reflects that the policy was automatically renewed for each successive policy period, subject to the premiums, rules, and forms then in effect, without review or input by Defendant Moore.  *See* Moore Decl. ¶ 5; Renewal Decl. (Doc. No. 1-12) at 5 ("If the POLICY PERIOD is shown as 12 MONTHS, this policy will be renewed automatically subject to the premiums, rules, and forms in effect for each succeeding policy period.").  The renewal paperwork expressly advises the insured to review the policy to ensure the adequacy of coverage and states that it is the insured's responsibility to contact the agent if changes to the policy are desired.  *See* Renewal Decl. at 3, 4, 8, 10.

Plaintiff alleges that she contacted Defendant Moore to obtain a "replacement cost policy that would provide coverage for the Insured Property in the event of a loss."  Pet. ¶

6

25(a).  Plaintiff contends that the insurance she received was instead "illusory coverage" that "deviat[ed] substantially and materially" from what was requested.  *Id*. ¶ 63.  Even assuming Plaintiff made this specific request separate from, and not merely implicit in, the automatic renewal of the policy, Plaintiff's allegations and the record reflect that a full replacement cost policy, providing coverage for weather-related losses, was renewed and in effect at the time of the loss, consistent with that request.  *See id*. ¶¶ 5, 25(c), 30-33 ("The policy does not define, limit, or otherwise mitigate coverage for wind or hail damage . . . . Rather, all of [the] very real limitations exist in State Farm claims handling procedures."); Policy (Doc. No. 1-13) at 22 ("*We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations* . . . .").

Plaintiff therefore cannot show that, "by the agent's fault, insurance [was] not procured as promised."  *Swickey*, 979 P.2d at 269; *see also Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-47-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (finding no viable claim against the agent because the plaintiff's claim hinged upon what damage was sustained rather than the terms of the policy); *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014) (finding no viable claim against the agent because no allegations were made that specific coverage was requested that the agent failed to provide).

Plaintiff additionally asserts that Defendant Moore breached the duty owed to Plaintiff by failing to:

    i.  follow and abide by State Farm's underwriting policies/guidelines;

    ii.  perform all necessary inspections of the insured property;

    iii.   confirm the accuracy of the pre-filled information provided by State Farm's replacement cost estimating tool;

    iv.   disclose pre-existing damage to the insured property;

    v.   verify whether his inherent representation to State Farm and Plaintiff that the insured property (including the roof) was in good condition was accurate;

    vi.   disclose all material facts of the alleged scheme.

*See* Pet. ¶ 63(b).

Plaintiff identifies no legal authority establishing that Defendant Moore, in his capacity as an agent, owed Plaintiff a duty to undertake any of the above-described actions in connection with renewal of the policy.  As explained in a similar case:

> Whatever underwriting duties [the insurance agent] may have owed to State Farm, as agent to principal, do not necessarily translate into a duty *to the insured. . . . .*
>
>     . . . .
>
>     Bottom line, there is no basis shown for concluding that [the insurance agent] undertook or otherwise had a duty beyond securing the issuance of the initial and renewal policies for full replacement coverage.  Plaintiffs' arguments essentially contend that an agent has a duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim.  Such a contention goes beyond any duty contemplated by Oklahoma law.

*Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3-4 (W.D. Okla. Aug. 7, 2023).  Further, the Policy expressly states that State Farm has no obligation to "make inspections and surveys of the insured location at any time," provide insureds with "reports on conditions," or "recommend changes" regarding insurability. Policy at 36 (emphasis omitted).

Even assuming Defendant Moore owed the above duties, Plaintiff alleges that 'State

8

Farm and its adjusters manipulated this estimate to evade covering a full roof replacement," resulting in inadequate "payment and recommendation." Pet. ¶ 40(i). Plaintiff therefore alleges injury arising from the adjusters' assessments and State Farm's related denials—not from the renewal of coverage by Defendant Moore. *See id.*; *see also Referral Ctr. for Alcohol & Drug Servs. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, No. CIV-25-717-R, 2025 WL 2654914, at *3 (W.D. Okla. Sept. 16, 2025) ("Plaintiff's dispute concerns [the insurer's] coverage determination and claims handling practices, not [the agent's] actions during the procurement and renewal of the policy").

For these reasons, Plaintiff has failed to state a possibly viable claim against Defendant Moore for negligent procurement of insurance. *See id.*; *Hall v. State Farm Fire & Cas. Co.*, No. CIV-25-12-JD, 2025 WL 2905205, at *5 (W.D. Okla. Oct. 13, 2025); *Steinkamp*, 2023 WL 11920886, at *2.

### 2. *Constructive Fraud/Negligent Misrepresentation*

Under Oklahoma law, constructive fraud or negligent misrepresentation consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1); *see Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-92-JD, 2025 WL 2918045, at *5 (W.D. Okla. Okla. 14, 2025). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005) (internal quotation marks omitted). "A

9

duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988).

Plaintiff asserts that Defendant Moore made several implicit misrepresentations each time the policy was renewed, including that the property met all underwriting guidelines, the property was eligible for replacement cost coverage, all property inspections had occurred, the replacement cost value was accurate, and the policy covered all weather-related damage. *See* Pet. ¶ 73. Plaintiff further alleges that Defendant Moore concealed material facts regarding State Farm's alleged scheme in violation of his duty to disclose. *See id*.

Plaintiff contends that Defendant Moore had a duty of full disclosure that arose when he "chose to represent to Plaintiff that the condition of the insured property was sufficient for coverage under a State Farm policy." Pl.'s Mot. to Remand at 27 (emphasis omitted). Plaintiff does not identify any affirmative statement made by Defendant Moore that serves as a basis for this claim. Instead, Plaintiff relies solely on inherent or implied representations arising from the agent's acts of procuring, binding, and renewing coverage. *See* Pet. ¶¶ 4, 25, 35-36, 42.

As previously noted, Defendant Moore did not procure the policy, and the policy was automatically renewed. *See* Appl.; Moore Decl. ¶¶ 3-5; Renewal Decl. at 5. The Court has declined to recognize a viable claim based upon fraudulent representations alleged to have been made "each time the policy renewed," explaining that since the renewals were automatic, "[a]llegations based on representations made during the policy's renewal have no basis in fact." *Stone v. State Farm Fire & Cas. Co.*, No. CIV-25-7-D, 2025 WL 3090772,

at *4 (W.D. Okla. Aug. 20, 2025).

Whether Plaintiff has stated a viable claim against Defendant Moore therefore turns upon whether Defendant Moore actually communicated with Plaintiff about the policy at issue.  Neither Plaintiff's allegations nor any other material of record reflects that any such communication ever occurred.  The Court is therefore "left with no reasonable basis on which to find that [Defendant Moore] made any actual or implied representations to [Plaintiff]" and, so "cannot conclude that [Plaintiff] could succeed in proving" a claim of constructive fraud/negligent misrepresentation against this defendant.  *Nation v. State Farm Fire & Cas. Co.*, No. 25-CV-0342, 2025 WL 2941938, at *6 (N.D. Okla. Oct. 16, 2025).

Plaintiff further fails to allege facts establishing a causal connection between the alleged misrepresentations or omissions and the damages sought by Plaintiff in this action. "[T]he policy sought was the policy received," and that policy provides coverage for the type of loss claimed, as confirmed by State Farm's finding of covered damage under the policy.  *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025); *see* Pet. ¶ 40(f), (i).  "All relevant disputes relate to the coverage decision"; the parties simply disagree on the extent of damage claimed.  *Rain Drop Found.*, 2025 WL 582562, at *5.  Plaintiff's purchase of a replacement cost policy did not guarantee that her claims would be paid in full or "paid in the exact manner" she desires.  *Id.*

State Farm has therefore met its burden to demonstrate the absence of a potentially viable claim against Defendant Moore for constructive fraud/negligent misrepresentation.

CONCLUSION

For the reasons set forth above, the Court finds that fraudulent joinder has been established, and the nondiverse defendant (Defendant James E. "Jim" Moore) should be disregarded. Thus, there is complete diversity between the relevant parties, and remand is not warranted.

Accordingly, Plaintiff's Motion to Remand (Doc. No. 11) is DENIED.  Plaintiff's claims against Defendant James E. ("Jim") Moore are DISMISSED without prejudice.[2] Defendant Moore shall be terminated as a party to this action.

This case will be set for a status and scheduling conference on the Court's next available conference docket.

IT IS SO ORDERED this 30th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] *See Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013) (explaining that once the district court "determined that [the nondiverse defendant] had been fraudulently joined," "it was required to dismiss him from the case without prejudice").